■ CURTIS, MALLET-PROVOST, COLT & MOSLE, Respondent-Appellant, v GETTY PETROLEUM CORPORATION, Appellant-Respondent.—Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered July 3, 1991, which, *inter alia,* granted plaintiff's motion for a protective order with respect to defendant's deposition notice, and granted defendant's motion for a protective order with respect to plaintiff's notice for discovery and inspection, unanimously affirmed, without costs.

This is an action commenced by plaintiff to recover unpaid legal fees. In the absence of a written retainer agreement,

plaintiff contends that defendant retained it to represent the corporation in connection with a Grand Jury investigation. Defendant counters that it had retained the services of a particular partner of plaintiff, in his individual capacity and not the firm. In the alternative, defendant challenges the reasonableness of the fees charged.

Whether the retainer agreement as acknowledged encompassed the employment of the partner alone or the entire firm is a question for the trier of fact. In the circumstances, we do not find the IAS court to have abused its discretion in limiting the discovery sought by defendant, to the examination of only three of plaintiff's partners. The Court also properly granted a protective order to defendant with respect to the fees charged by other firms hired by it to perform work on other aspects of the same litigation since such information would be irrelevant to the issue of whether plaintiff's fees were reasonable for the work performed. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.